SAIBER LLC
18 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 622-3333
Attorneys for Plaintiff
Picatinny Federal Credit Union

| | |
|---|---|
| PICATINNY FEDERAL CREDIT UNION,<br><br>    Plaintiff,<br><br>    v.<br><br>CUMIS INSURANCE SOCIETY, INC.,<br><br>    Defendant. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Hon. Esther Salas<br><br>Civil Action No. 11-04853 (ES)(CLW)<br><br>STIPULATION AND PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION |

   WHEREAS, plaintiff Picatinny Federal Credit Union and CUMIS Insurance Society, Inc. (collectively "the Parties" and individually "Party") may produce documents voluntarily and will produce documents and provide information in response to discovery requests in this action ("the Action") and desire that such documents and information are subject to a protective order that will govern the disclosure of confidential information;

   NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys for the Parties that the following Stipulation and Protective Order Governing Confidential Information (the "Order") shall govern the production of documents and providing of information in connection with the prosecution and defense of the Action:

1. "Producing Party" shall mean any Party or non-party producing Confidential Information (as defined herein) voluntarily or otherwise in the Action.

2. "Receiving Party" shall mean any Party or non-party receiving Confidential Information.

3. "Documents" shall mean anything that may be considered to be a document, electronically stored information or tangible thing under Rule 34 of the Federal Rules of Civil Procedure including, but not limited to, interrogatory answers served by any Party, responses to requests to admit served by any Party, documents produced by any Producing Party, whether pursuant to formal discovery or by informal agreement, transcripts of and exhibits to depositions taken in the Action, and any portions of any documents filed in the Action that quote from or summarize any of the foregoing documents.

4. A Producing Party may designate as confidential such documents and information as the Producing Party in good faith deems confidential, in accordance with Rule 26 of the Federal Rules of Civil Procedure, on the basis that such documents or information constitutes a trade secret or other sensitive research, development or commercial information, non-public commercial, financial, pricing, budgeting, trading and/or accounting information, non-public information about past, present or potential customers or credit union members,

marketing studies, projections, non-public business strategies, decisions and/or negotiations, competitive analyses, non-public communications with any regulators, personnel compensation, evaluations and other employment information or personal information, confidential proprietary information about third-parties with whom the Producing Party has or had a business relationship, or other commercially sensitive or proprietary information. (Documents that are designated as "Confidential" are hereinafter referred to as "Confidential Information.")

5. Confidential Information shall not include unaltered copies of any documents in the public domain (as long as they did not become public in violation of this Order), including, but not limited to, all documents available to the public through a Party's website or otherwise, annual, quarterly, or other reports sent to shareholders or credit union members, press releases, and public documents filed with the National Credit Union Administration ("NCUA") or other regulatory bodies or any state or federal court, unless those proceedings are governed by a protective order or the documents in question are under seal.

6. Designation of material as Confidential Information may be made by stamping or otherwise inscribing "Confidential" upon every page of the document that the Producing Party deems in good faith confidential. If a

Producing Party inadvertently produces documents or other materials that it considers to be Confidential Information without affixing a "Confidential" designation, the Producing Party may subsequently designate such documents or other materials as "Confidential" by delivering written notice of such designation to the other Party and such information shall be treated by the Receiving Party as being so designated from the time the Receiving Party is notified in writing of the change in designation.

7. To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) is produced in such form, the Producing Party may designate such material as Confidential by cover letter referring generally to such matter and by affixing (where possible) a label on the media or its casing indicating such designation.

8. In the event that non-parties produce documents or information in connection with the Action, the Parties and all other persons subject to this Order agree that production by non-parties of such documents or information shall be made subject to the provisions of this Order.

9. In the case of depositions, designation of the transcript or portion of the transcript (including exhibits)

that contains Confidential Information shall be made by the Producing Party providing counsel for the Receiving Party with written notice within fifteen (15) days of the date on which it receives the transcript of all portions of the deposition transcript (identified by page and line) that contain Confidential Information. If the Producing Party's counsel fails to provide to counsel for the Receiving Party the list described in this paragraph within the time period set forth herein, then the Producing Party will have been deemed to waive the confidentiality of the deposition transcript.

10. No Party, including a Party's agents, consultants, experts, deponents, witnesses and attorneys, receiving Confidential Information shall make use of any Confidential Information for any purpose other than the prosecution or defense of the Action. Confidential Information shall be held in confidence by each person to whom it is disclosed, and may not be disclosed to any person or entity, except as permitted in this Order.

11. The Parties and any other person subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Order, which shall survive the termination of the litigation.

12. If Confidential Information is disclosed by the Receiving Party in violation of this Order, the Receiving Party

shall, upon learning that the Order was violated, inadvertently or otherwise, inform the Producing Party of all pertinent facts relating to the disclosure, and make every reasonable effort to prevent any further disclosure in violation of the Order, including any disclosure by any person who received any Confidential Information in violation of this Order.

13. Confidential Information may be referred to in any paper served or filed in the Action including, but not limited to, interrogatory answers, responses to requests to admit, pleadings, motions, briefs or other documents filed with the Court, and may be marked as deposition exhibits and shown to any witness in the Action; provided that any paper filed with the Court in this Action is handled in accordance with Paragraph 15 below.

14. In accordance with Local Civil Rule 5.3, nothing in this Order shall be construed as authorizing the filing of materials under seal with any Court in the absence of a separate court order authorizing the sealing of specific materials. If a Party submits materials for filing with the Court that have been designated as containing Confidential Information, the Party shall file the materials with a motion to seal pursuant to L.Civ.R. 5.3(c). However, if a Producing Party submits materials for filing with the Court that it designated as containing Confidential Information, the Producing Party may, at

its option, file the materials with a motion to seal pursuant to L.Civ.R. 5.3(c). In seeking an order sealing Confidential Information, the burden of persuasion shall rest on the moving party. Filing the information under seal shall not prejudice the Receiving Party's ability to contest the Producing Party's confidentiality designations as provided for in this Order.

15. Any Confidential Information that is designated such by any Party may be used in open court at trial, hearings or conferences unless the Producing Party obtains an appropriate protective order from the Court before the Receiving Party's use of such Confidential Information. If a Receiving Party intends to use any Confidential Information at any hearing or other pre-trial proceeding, excluding depositions, counsel for the Producing Party must be given reasonable notice of the Receiving Party's intention to use such Confidential Information. Upon receipt of such notice, the Producing Party may ask the Court to place the hearing under seal or seek such other relief that will minimize the risk of harm to the Producing Party by the public disclosure of any Confidential Information. Use of any Confidential Information in any court proceeding shall not waive the applicability of this Order as to such material.

16. A Party shall not be obligated to challenge the propriety of a confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge

thereto. In the event a Party objects to a Confidential Information designation under this Order, counsel for the Receiving Party shall give written notice to counsel for the Producing Party, identifying the designated document or information to which it objects and its reasons for objection. The Producing Party, within ten (10) calendar days after receiving notice, shall consult with the Receiving Party in a good faith effort to attempt to resolve their differences. If the Parties are unable to reach an accord as to the proper designation of the material, the Receiving Party shall have ten (10) calendar days from the final meet and confer session to apply to the Court seeking an order to remove the Confidential Information designation. The Producing Party shall have the burden of establishing the grounds for the designation and treatment of information as entitled to protection in accordance with Rule 26 of the Federal Rules of Civil Procedure or other applicable law. Nothing provided in this Order shall create any presumption that any information is Confidential. If such an application is made, any documents or other materials that have been designated Confidential shall be treated accordingly until the Court rules that such material should not be so treated.

17. Except with the prior written consent of the Producing Party requesting Confidential treatment, no document designated as Confidential and no information contained therein

may be disclosed to any person other than the following:

    a) Any Party and any current or former officers, directors, partners or employees of any Party.

    b) Counsel for any Party and any attorneys, paralegals, office clerks, secretaries, outside copying services (including preparation of exhibits, photocopying, document coding, image scanning, jury consulting, or the creation of any computer database from documents containing Confidential Information) and other personnel working under their supervision and assigned to perform duties in connection with the prosecution or defense of the Action. Such counsel will include both in-house legal staff and outside counsel in the case of a corporate party.

    c) Any person who has authored, received or otherwise has been provided access (in the ordinary course, outside the context of this litigation) to the Confidential Information.

    d) Any consultants or experts retained by any counsel of record for any Party who agree to be bound by the terms of this Order, provided that they execute the undertaking "Agreement to Be Bound by Protective Order" attached as Exhibit A and counsel for the Party that retains such consultant or expert obtains a copy of the "Agreement to Be Bound by Protective Order" executed by such consultant or expert before

disclosing any Confidential Information.

If these requirements are satisfied, the attorney, expert or consultant may fully disclose any Confidential Information to his or her support staff/assistants. It is not necessary for any member of that support staff/those assistants to sign the "Agreement to Be Bound by Protective Order," but they will nonetheless be deemed bound by the attorney's, expert's or consultant's execution of the "Agreement to Be Bound by Protective Order" attached as Exhibit A.

e) Any and all witnesses and their counsel during testimony (including depositions);

f) Any other person whom a Party in good faith determines may be a potential witness at deposition or trial provided that such person agree to be bound by the terms of this Order by executing the undertaking "Agreement to Be Bound by Protective Order" attached as Exhibit A.

g) Any other person whom counsel for the Parties agree in writing should have access to such Confidential Information and who agrees to be bound by the terms of this Order by executing the undertaking "Agreement to Be Bound by Protective Order" attached as Exhibit A.

h) Deposition and trial court reporters, as needed.

i) The Court, court personnel, and jurors.

18. Counsel for the Parties shall maintain copies of

the undertakings signed by any persons required to execute a copy of Exhibit A. Every person given access to Confidential Information shall not make copies, duplicates, extracts, summaries or descriptions of such material, or any portion thereof, except for use in connection with the Action, and each such copy is to be treated in accordance with the provisions of this Order.

19. Nothing herein shall impose any restrictions on the use or disclosure by a Party of any document, material or information legitimately obtained by such Party independent of the discovery proceedings in the Action.

20. Nothing herein shall restrict or preclude any Party from responding to a subpoena or other request issued in another legal action or proceeding. However, upon receipt of a subpoena or other compulsory request for Confidential Information, the Party shall forward a copy of the subpoena or compulsory request to the Producing Party within five (5) business days of service and afford the Producing Party seven (7) days after the receipt of such notice (or any shorter period of time if the Party is compelled to respond before the expiration of seven (7) business days) to contest the production of Confidential Information sought by the subpoena or other compulsory request. During this time, the person or party subject to the subpoena or other request shall not produce or

disclose the Confidential Information without consent of the Producing Party, or until ordered to do so by a court of competent jurisdiction, provided that the Producing Party makes a timely motion or other application for relief from the subpoena or other request in the appropriate form. If the Producing Party fails to seek or obtain an appropriate order, the Party responding to the subpoena or other compulsory request will not be deemed in breach of this Order by producing Confidential Information sought by the subpoena or other request in compliance with it obligations under applicable law.

21. In the event that a Party produces Confidential Information to any third party pursuant to subpoena or compulsory process, such information shall continue to be treated as Confidential Information by all persons subject to this Order unless and until the Court otherwise directs.

22. Within ninety (90) days of the conclusion of the Action, including exhaustion of all appeals, all documents in whatever form, stored or reproduced, or other data designated as Confidential (including summaries and excerpts), other materials that contain or refer to Confidential Information, and all copies thereof shall be either promptly returned to counsel for the Producing Party that designated the information as Confidential or destroyed, provided, however, that the Receiving Party shall not be required to act on behalf of any person who

is not within its control but shall be required to undertake reasonable efforts to request that any person not within its control return or destroy any Confidential Information.

23. The Parties and their counsel may retain copies of briefs and other documents that contain or constitute such Confidential Information. Any such documents, briefs and other documents shall continue to be treated pursuant to the terms of this Order, unless otherwise ordered by the Court.

| SAIBER LLC<br>Attorneys for Plaintiff<br>Picatinny Federal Credit Union | SEDGWICK LLP<br>Attorneys for Defendant<br>CUMIS Insurance Society, Inc. |
|---|---|
| By: _____<br>JAMES H. FORTE<br>A Member of the Firm | By: _____<br>ARTHUR AIZLEY<br>For the Firm |
| Dated: December 19, 2011 | Dated: December 19, 2011 |

IT IS ON THIS 21st DAY OF December, 2011:

SO ORDERED:

_____
CATHY L. WALDOR, U.S.M.J.

EXHIBIT A

<u>Agreement to Be Bound By Protective Order</u>

By my signature, I declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Protective Order Governing Confidential Information ("Protective Order") that was entered by the United States District Court for the District of New Jersey in the matter entitled Picatinny Federal Credit Union v. CUMIS Insurance Society, Inc. I agree to comply with and to be bound by all the terms of the Protective Order and I understand and acknowledge that my failure to comply may expose me to sanctions by the Court and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of New Jersey with respect to all matters relating to compliance with the Protective Order.

_____
Name:

Dated: _____