

ATTORNEYS AT LAW
125 BROAD STREET, 39TH FLOOR   NEW YORK, NY 10004-2400
www.sedgwicklaw.com   212.422.0202 *phone*   212.422.0925 *fax*

*arthur.aizley@sedgwicklaw.com*
*valerie.rojas@sedgwicklaw.com*

March 13, 2012

<u>Via ECF Only</u>

Magistrate Judge Madeline Cox Arleo
Martin Luther King Jr. Federal Building &
U.S. Courthouse
50 Walnut St., Room 2A
Newark, NJ 07101

Re:  *Picatinny Federal Credit Union v. CUMIS Ins. Society, Inc.*
     Case No. 11-CV-04853
     Our File No.: 00480-006356

Dear Magistrate Judge Arleo:

CUMIS writes in response to Picatinny Federal Credit Union's ("Picatinny") letter submitted in advance of the hearing on Picatinny and Proponent Federal Credit Union's ("Proponent") joint motion to consolidate for purposes of discovery.

With respect to the interrogatories Picatinny references, CUMIS has served supplemental responses addressing a number of Picatinny's concerns. The supplemental responses requested by Picatinny, particularly the responses to interrogatories 9 and 10 (concerning mid-year and annual reviews), required additional searching of records on the part of CUMIS, which was completed last week. Upon receiving the results of the necessary record searches CUMIS promptly served its supplemental responses. Therefore, Picatinny's arguments concerning CUMIS' responses to interrogatories are moot.

Additionally, the issue of Picatinny's requests for production is not ripe for consideration yet as the parties have not yet completed the meet and confer process. CUMIS has responded to Picatinny's letter concerning its responses to Picatinny's Requests for Production of documents, and CUMIS anticipates that the parties will be telephonically conferring in the near future regarding discovery responses.

Further, in its letter to the court Picatinny refers to the March 1, 2012 order in *Sperry Associates Federal Credit Union v. CUMIS Ins. Society, Inc.*, Civ. Action No. 10-00029 (DRD) (MAS) (the "Sperry Action") in which the court denied CUMIS' motion for summary judgment (the "order"). Picatinny's submission of the order is inappropriate, and is a blatant attempt to have this Court prejudge Picatinny's case. Moreover, CUMIS disagrees with the court in the Sperry Action because the court in the Sperry Action disregarded the plain, unambiguous language of the Bond. Specifically, like Sperry, Picatinny argues that the loss caused by CU

The Honorable Madeline Cox Arleo
Re: Picatinny Federal Credit Union v. CUMIS Ins. Society, Inc.
  Case No. 11-CV-04853
  March 13, 2012
Page 2

National is covered under Coverage A [Employee or Director Dishonesty] of the CUMIS Bond. Under the Employee or Director Dishonesty Insuring Agreement the issue is whether the loss arose from CU National's activities as a "servicing contractor" within the meaning of the CUMIS Bond. The Bond's definition of an "employee" includes "servicing contractors," but "only while" the person or entity is performing one of the following three services: (1) collecting and recording payments on real estate mortgage or home improvement loans; (2) establishing tax or insurance escrow accounts on real estate mortgage or home improvement loans, made, held or assigned by the credit union; or (3) managing real property owned by the credit union or under the credit union's supervision and control.

CU National was not an "employee" for purposes of Picatinny's claimed loss because it was not acting as a "servicing contractor" when US Mortgage sold Picatinny's loans to Fannie Mae. Clearly, selling loans on the secondary market does not fall within any of the three categories of "services" set forth above. Moreover, even if CU National sent false servicing reports to Picatinny to cover up the sale of the loans, this was not "collecting and recording" payments on real estate mortgage loans. *North Jersey Savings & Loan Ass'n v. Fidelity & Deposit Co. of Maryland*, 660 A.2d 1287 (N.J. Super. 1993) [court deemed a similar definition of "servicing contractor" to unambiguously preclude coverage for losses arising from the origination and packaging of loans for sale].

In addition, unlike Sperry, there is an issue concerning when Picatinny became aware of facts which would cause a reasonable person to believe that a loss covered by the Bond has occurred or will occur. The order in the Sperry Action does not address this issue.

Very truly yours,

s/Arthur Aizley

Arthur Aizley
Valerie Rojas
Sedgwick LLP


VDR:KU


Cc: All Counsel via ECF

LA/1156388v1