ATTORNEYS AT LAW
125 BROAD STREET, 39TH FLOOR   NEW YORK, NY 10004-2400
*www.sedgwicklaw.com*   *212.422.0202 phone*   *212.422.0925 fax*



*arthur.aizley@sedgwicklaw.com*
*michael.davisson@sedgwicklaw.com*
*valerie.rojas@sedgwicklaw.com*

May 21, 2012                     **JOINT LETTER SUBMITTED BY ALL PARTIES**

<u>Via Electronic Court Filing "ECF"</u>

The Honorable Madeline Cox Arleo
United States District Court for the District of
New Jersey
M.L. King Jr. Federal Building & Courthouse
50 Walnut St., Room 2060
Newark, NJ 07102

Re:  *Picatinny Federal Credit Union v. CUMIS Insurance Society, Inc.*
     Civ. Action No. 2:11-cv-04853 (WHW)(MCA)
     *Proponent Federal Credit Union v. CUMIS Insurance Society, Inc.*
     Civ. Action No. 2:11-cv-05760 (WHW)(MCA)
     Status Conference Date: Friday, May 24, 2012 at 1:30 PM
     File No.: 00480-006356

Dear Magistrate Judge Arleo:

Pursuant to the Court's order of May 11, 2012, CUMIS Insurance Society, Inc. ("CUMIS"), Picatinny Federal Credit Union ("Picatinny") and Proponent Federal Credit Union ("Proponent") write jointly to advise the court of the status of discovery.

## Meet & Confer Efforts to Date

On March 16, 2012 the court consolidated Picatinny's and Proponent's respective cases against CUMIS for purposes of discovery.  On May 11, 2012 the parties participated in a status conference with the Court concerning the status of discovery, including the parties' outstanding discovery disputes.  During the status conference, the Court ordered the parties to meet and confer in person, to submit a joint letter to the court regarding the status of discovery on May 21, 2012 and to appear for a hearing to resolve remaining discovery issues on May 24, 2012.

Pursuant to the Court's order, Mr. Davisson, counsel for CUMIS, travelled to New York and New Jersey and met and conferred in person with counsel for Picatinny and Proponent.  CUMIS had follow-up meet and confers with both Picatinny and Proponent on May 21, 2012.  The outstanding discovery disputes are detailed below.

The Honorable Madeline Cox Arleo
May 21, 2012
Re: *Picatinny Federal Credit Union v. CUMIS Insurance Society, Inc.*
    Civ. Action No. 2:11-cv-04853 (WHW)(MCA)
    *Proponent Federal Credit Union v. CUMIS Insurance Society, Inc.*
    Civ. Action No. 2:11-cv-05760 (WHW)(MCA)
    Status Conference Date: Friday, May 24, 2012 at 1:30 PM
Page 2

## **Status of Picatinny Discovery**

With respect to Picatinny, the parties met and conferred in person in New York on May 17, 2012. After the meet and confer, the only three remaining issues to be resolved between Picatinny and CUMIS concern (1) CUMIS' Request for Production number 4, (2) Picatinny's Requests for Production numbers 27-32; and (3) the time frame by which the parties must complete the outstanding document discovery.

First, CUMIS' Requests for Production number 4 requests all monthly reports CU National provided Picatinny during their relationship such as Trial Balance Reports, Pending Sale Reports, etc. Picatinny has produced the monthly reports that it received from CU National covering the nearly three year time period from February 1, 2006 through December 31, 2008 - the time period that would provide all remittance and other information for any loan that CU National subsequently sold without Picatinny's knowledge and authorization and many other loans that either were not sold or were sold with Picatinny's knowledge and authorization. CUMIS, however, has asked that Picatinny produce an additional seven years of monthly reports dating back to July 1, 1999, which Picatinny contends is unduly burdensome (they are not maintained on an electronic database at Picatinny and would have to be manually gathered) and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CUMIS contends that the reports are relevant to CUMIS' defense that Picatinny should have (or may have) discovered CU National's dishonesty prior to the Bond period because the reports may show that CU National was routinely late in remitting the monthly reports and/or that the monthly reports contained errors, discrepancies and other indicia of dishonesty.

The second issue concerns Picatinny's requests for production numbers 27-32, which seek all documents relating to claims or litigation relating to several provisions of the Bond identified in CUMIS' affirmative defenses. Picatinny is prepared to withdraw the requests if CUMIS will represent that it does not intend to assert defenses based upon the subject provisions of the Bond. Compliance with this request will require a manual review of a substantial number of claim files. Accordingly, CUMIS has offered to compromise by producing documents relating solely to litigation (but not claims) involving the subject Bond provisions from the past 5 years, in light of the alleged burdensome manual review that would be required to respond with respect to claims. Picatinny does not view CUMIS's refusal to produce any claim related documents that did not ripen into litigation relating to the relevant provisions of the Bond as a compromise.

The third issue concerns the date by which the parties must complete their production of information and documents in response to discovery requests previously served. CUMIS initially requested fourteen (14) days to complete that discovery which Picatinny, as an accommodation to CUMIS, was willing to extend to thirty (30) days. CUMIS then reconsidered its position and requested forty-five (45) days. As a compromise, Picatinny has proposed that the parties serve all of the outstanding information and documents by June 29, 2012, which CUMIS is currently considering.

The Honorable Madeline Cox Arleo
May 21, 2012
Re: *Picatinny Federal Credit Union v. CUMIS Insurance Society, Inc.*
    Civ. Action No. 2:11-cv-04853 (WHW)(MCA)
    *Proponent Federal Credit Union v. CUMIS Insurance Society, Inc.*
    Civ. Action No. 2:11-cv-05760 (WHW)(MCA)
    Status Conference Date: Friday, May 24, 2012 at 1:30 PM
Page 3

## Status of Proponent Discovery

With respect to Proponent, the parties met and conferred on May 16, 2012 in Newark, New Jersey, and on May 21, 2012, telephonically. After the meet and confers, the parties were able resolve all outstanding discovery issues in the Proponent action.

CUMIS and Picatinny are continuing their efforts to resolve the above-referenced disputes and if the parties are able to resolve the issues prior to the May 24, 2012 status conference, the parties will inform the Court.


Respectfully Submitted,

s/Arthur Aizley

Arthur Aizley
Michael R. Davisson
Valerie D. Rojas
Sedgwick LLP


MRD:KU