SAIBER LLC
18 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 622-3333
Attorneys for Plaintiff
Picatinny Federal Credit Union

| | |
|---|---|
| PICATINNY FEDERAL CREDIT UNION,<br><br>        Plaintiff,<br><br>v.<br><br>CUMIS INSURANCE SOCIETY, INC.,<br><br>        Defendant. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Hon. Esther Salas<br><br>Civil Action No. 11-04853<br>(ES)(MCA) |
| PROPONENT FEDERAL CREDIT UNION,<br><br>        Plaintiff,<br><br>v.<br><br>CUMIS INSURANCE SOCIETY, INC.,<br><br>       Defendant. | Civil Action No. 11-05760<br>(WHW)(MCA)<br><br>ORDER ADDRESSING<br>DISCOVERY APPLICATIONS |

This matter having been opened to the Court upon the application of Saiber LLC, attorney for plaintiff Picatinny Federal Credit Union ("Picatinny"), for an Order, pursuant to Rule 37 of the Federal Rules of Civil Procedure, compelling defendant CUMIS Insurance Society, Inc. ("CUMIS") to produce documents responsive to Requests No. 27-32 of Picatinny's First Request for Production of Documents and to provide all outstanding written discovery on or before June 29, 2012, and

the application of Sedgwick LLP, for an Order, pursuant to Rule 37 of the Federal Rules of Civil Procedure, compelling Picatinny to produce in response to Request No. 4 of CUMIS's First Set of Requests for Production all monthly reports that Picatinny received from CU National Mortgage, LLC from July 1, 1999 through January 31, 2006, and the Court having read and considered the joint letter dated May 21, 2012 submitted on behalf of the parties, and having the benefit of oral argument (James H. Forte, Esq., appearing on behalf of Picatinny and Valerie D. Rojas, Esq. and Arthur Aizley, Esq., appearing on behalf of CUMIS), and good cause having been shown;

IT IS on this 6th day of June, 2012:

ORDERED as follows:

1. Picatinny shall more specifically respond to Request No. 4 of CUMIS's First Set of Requests for Production by producing the monthly reports that Picatinny received from CU National Mortgage, LLC during the period from February 1, 2005 through January 31, 2006; and

2. CUMIS shall more specifically respond to Request No. 27 of Picatinny's First Request for Production of Documents by producing all documents that refer or relate to any litigation brought by or against CUMIS during the period from January 1, 2000 through the present arising from or relating to

the definition of "servicing contractor" in any credit union bond; and

3. CUMIS shall more specifically respond to Requests No. 28-32 of Picatinny's First Request for Production of Documents by producing all documents that refer or relate to any litigation brought by or against CUMIS during the period from January 1, 2006 through the present arising from or relating to (a) the meaning of the phrases "indirect loss" and/or "consequential loss" in any credit union bond; (b) the meaning of the phrases "investments," "investment transactions" or "trading" in any credit union bond; (c) resulting directly or indirectly from the complete or partial nonpayment of or default on an "loan" or a transaction in the nature of a "loan" in any credit union bond; (d) the meaning of the word "alteration" in any credit union bond; and (e) the meaning of the phrase "compensatory damages" in any credit union bond; and

4. Picatinny and CUMIS shall produce all outstanding documents and information, including, but not limited to, the documents and information addressed in paragraphs 1 through 3 of this Order, on or before June 29, 2012.

_____
MADELINE COX ARLEO, U.S.M.J.